# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| RAFAEL OTZOY CHUY<br>8011 14TH Avenue<br>Hyattsville, Maryland 20783<br><br>TOMAS MAURICIO SISIMIT PICHIYA<br>1201 Jackson Street<br>Takoma Park, Maryland 20912<br><br>and<br><br>JUAN FERMIN CHUTA OTZOY<br>2111 Guilford Road, #201<br>Hyattsville, Maryland 20783<br><br>    Plaintiffs,<br><br>v.<br><br>PRECISION FLOORING LLC<br>12715 Buckingham Drive<br>Bowie, Maryland 20715<br><br>    Serve:  Resident Agent<br>                Brittany Coleman<br>                9319 Fontana Drive<br>                Lanham, Maryland 20706<br><br>BRITTANY COLEMAN<br>9319 Fontana Drive<br>Lanham, Maryland 20706<br><br>    Defendants. | Civil Case No. |

## **COMPLAINT**

Plaintiffs, Rafael Otzoy Chuy, Tomas Mauricio Sisimit Pichiya, and Juan Fermin Chuta Otzoy ("Plaintiffs"), by and through their attorneys, Mary Craine Lombardo and Eduardo S. Garcia and Stein Sperling Bennett De Jong Driscoll PC, hereby file their Complaint against

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4991126_1

Defendants Precision Flooring LLC and Brittany Coleman (collectively "Defendants"), under the Maryland Wage Payment and Collection Law ("MWPCL") Md. Code Ann., *Labor & Empl.*, § 3-501, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., *Lab. & Empl.* § 3-401, *et seq.* and breach of contract stating as follows:

## INTRODUCTION

Plaintiffs worked for Defendants as installation laborers. Plaintiffs were paid at the same daily rate regardless of how many hours they worked. They often worked fifty-four to seventy hours per week and were not paid at the overtime rate of one and a half times their regular hourly rate for all hours in excess of forty as required by Maryland and federal law. Defendants have willfully violated the clear and well-established overtime and minimum wage provisions of the MWPCL, the FLSA, and the MWHL. Plaintiffs seek compensatory and statutory damages for all unpaid overtime and minimum wage compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiffs are adult residents of Maryland.

4. Defendant Precision Flooring LLC ("Precision Flooring") is a Maryland limited liability company which operates and does business in Maryland.

5. Defendant Brittany Coleman is the principal of Precision Flooring.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA, the MWHL, and the MWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Brittany Coleman controlled the day to day operations of Precision Flooring.

11. Defendant Brittany Coleman had the power to hire, fire, suspend, and discipline Plaintiffs.

12. Defendant Brittany Coleman supervised Plaintiffs directly or indirectly.

13. Defendant Brittany Coleman directly or indirectly set and controlled Plaintiffs' work schedule or had the power to do so.

14. Defendant Brittany Coleman directly or indirectly set and determined the rate and method of Plaintiffs' pay or had the power to do so.

15. The Maryland Court of Appeals made clear that individual employers are liable under FLSA, the MWHL or the MWPCL if the employer met the economic reality test for "control." *Campusano v. Lusitano Const. LLC*, 208 Md. App. 29, 36-40 (2012).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

16. Defendant Brittany Coleman would be considered an employer for purposes of individual liability because of her intrinsic involvement in the business.

## FACTS

17. Plaintiff Rafael Otzoy Chuy was employed by Defendants from approximately August 1, 2014 through August 21, 2016 (the "Employment Period").

18. Throughout the Employment Period Plaintiff Rafael Otzoy Chuy was paid at a daily rate of $165.00.

19. Plaintiff Rafael Otzoy Chuy is owed approximately $29,574.29 in overtime wages.

20. Plaintiff Tomas Mauricio Sisimit Pichiya was employed by Defendants from approximately August 1, 2013 through June 22, 2016 (the "Employment Period").

21. Throughout the Employment Period Plaintiff Tomas Mauricio Sisimit Pichiya was paid at a daily rate of $165.00.

22. Plaintiff Tomas Mauricio Sisimit Pichiya is owed approximately $23,800.00 in overtime wages.

23. Plaintiff Juan Fermin Chuta Otzoy was employed by Defendants from approximately January 1, 2006 through August 15, 2016 (the "Employment Period").

24. Throughout the Employment Period Plaintiff Juan Fermin Chuta Otzoy was paid at a daily rate of $150.00.

25. Plaintiff Juan Fermin Chuta Otzoy is owed approximately $23,800.00 in overtime wages.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

26. Plaintiffs worked approximately fifty-four to seventy hours per week and were never compensated at the required overtime rate, of one and one half times their regular hourly rate, for those hours worked over forty hours.

27. Plaintiffs are owed overtime wages that Defendants willfully failed and refused to pay to Plaintiffs in violation of Maryland and federal law.

28. By statute, Defendants are required to maintain records of the name of each employee, the rate of pay of each employee, the amount paid to each employee per pay period and the hours each employee worked each day and workweek. *See* Md. Code, *Labor and Empl*, §3-424; 29 U.S.C. §211(c).

29. Should the employers fail to comply with their duty to record hours worked and wages paid, the court will find that no bona fide dispute existed regarding wages the employee was owed for work performed. *Marroquin v. Canales*, 505 F. Supp.2d 283 (D. MD. 2007).

30. The precise number of hours worked, and wages owed, should be revealed through discovery.

31. Defendants knowingly and intentionally violated Plaintiffs' rights under Maryland and federal law.

## COUNT I
**(Violation of the Maryland Wage Payment and Collection Law)**

32. Plaintiffs adopt herein by reference paragraphs 1 through 31 above as if fully set forth herein.

33. The amounts owed to Plaintiffs by Defendants for unpaid overtime wages constitute "wages" under the MWPCL. Md. Code Ann., *Labor & Empl.,* § 3-501(c).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

34. Defendants were required to pay Plaintiffs one and a half times their regular hourly rate for hours in excess of forty hours per week. *See* Md. Code Ann., *Lab. & Empl.* § 3-415.

35. Throughout the Employment Period, Defendants failed to properly pay Plaintiffs overtime as required by the MWHL.

36. Unpaid overtime wages are due and owing to Plaintiffs by Defendants.

37. Defendants' failure and refusal to comply with their obligations under the MWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but no less than $227,112.87 which equals three times the unpaid overtime wages; and to grant to Plaintiffs their reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

## COUNT II
## (FLSA)

38. Plaintiffs adopt herein by reference paragraphs 1 through 31 above as if fully set forth herein.

39. Defendants were required to pay Plaintiffs compensation at the rate of one and a half times their regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

40. Throughout the Employment Period, Defendants failed to compensate Plaintiffs at the rate of one and a half times their regular hourly rate for all hours worked in excess of forty hours per week.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

41. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

42. Defendants' violation makes them liable to Plaintiffs for all unpaid overtime and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in their favor in an amount to be determined at trial, but not less than $151,408.58 which equals double the unpaid overtime wages, to grant Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the Maryland Wage and Hour Law)

43. Plaintiffs adopt herein by reference paragraphs 1 through 31 above as if fully set forth herein.

44. Defendants were required to pay Plaintiffs one and a half times their regular hourly rate for hours in excess of forty hours per week. *See* Md. Code Ann., *Lab. & Empl.* § 3-415.

45. Throughout the Employment Period, Defendants failed to properly pay Plaintiffs overtime as required by the MWHL.

46. Unpaid overtime wages are due and owing to Plaintiffs by Defendants.

47. Defendants' failure and refusal to comply with their obligations under the MWHL was willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

determined at trial, but not less than $151,408.58 and to grant to Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:     /s/ *Mary Craine Lombardo*
Mary Craine Lombaro (17140)
mlombardo@steinsperling.com

    /s/ *Eduardo S. Garcia*
Eduardo S. Garcia (07200)
egarcia@steinsperling.com

25 West Middle Lane
Rockville, Maryland 20850
301-340-2020
301-354-8126 (facsimile)

*Attorneys for Plaintiffs*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020